### CITY BANK OF NEW-ORLEANS *vs.* FOUCHER.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The affidavit of the defendant, annexed to his answer, that his signature to the notes sued on is forged and counterfeited, will not be permitted to go to the jury as evidence, when not made the basis of some preliminary or interlocutory proceeding.

The different modes of proof of hand writing or signatures, pointed out by the Code of Practice, are concurrent, and the court is not required to appoint experts for this purpose, unless moved to do so by the party.

A confession drawn from an unhappy parent who is sued, by a letter threatening to prosecute his son for forging his signature to certain notes sold and delivered to the plaintiff, will not bind him.

The provisions of the Code of Practice, in articles 518, 522, 526, 527, and others, requiring certain forms to be pursued in the trial of a cause, are directory, and a non-compliance with them, when not required at the time by the party complaining, does not import pain of nullity.

The party may require the observance of all the forms, as far as practicable, which are directed in the trial of a cause; but if when present, he does not require a rigid compliance with them, and they are substantially complied with, it is not assignable as error, nor sufficient ground for a new trial.

This is an action brought against the defendant, Antoine Foucher, senior, as the drawer of a promissory note, and endorser on three others, amounting to the sum of nine thousand five hundred and sixty-two dollars, which his son, Antoine Foucher, junior, negotiated and sold to the City Bank of New-Orleans. The bank sues as holder of the notes in question, and alleges that on or about the 2d day of May, 1834, the said Antoine Foucher, senior, before any of said notes became due and payable, did voluntarily and freely assure the City Bank, that the signatures of his name on the several notes sued on, were in his own proper hand writing, by reason of which he became indebted in the said

EASTERN DIST.
May, 1836.

CITY BANK OF
NEW-ORLEANS
vs.
FOUCHER.

sum of nine thousand five hundred and sixty-two dollars, including costs of protest, and for which sum and interest the plaintiffs pray judgment.

The defendant pleaded a general denial, and averred that his signature or name written on the notes in suit, is forged and counterfeited. He annexed his affidavit, in which the averments in his answer are set forth and sworn to.

Upon these issues and pleadings the parties went to trial. On motion of the plaintiff upon a rule taken, the court ordered the affidavit annexed to the answer of the defendant, declaring his signature to the notes was a forgery, to be stricken out.

Joseph Guillot, witness for plaintiff, says, "that on Friday, the 2d day of May, 1834, he was requested by the cashier of the City Bank to wait on the defendant, in order to ascertain if the signatures of his name to the notes sued on, were genuine or not. On presenting the notes, the defendant at first seemed a little astonished at the step taken by the bank, but after examining the signatures, he said the notes were good. He observed there was a little difference in one of the signatures being that on the note drawn by him, which arose, he said, from his having made use of a pen with a broad point. He offered to show witness a signature exactly similar, to a note which he had taken up in bank. Witness observed he was satisfied with the acknowledgment of his signature, and that he did not wish to see the note. Defendant further observed, that his son, A. Foucher, jr., was to dine with him that afternoon, (this being at twelve o'clock,) and he would get him to give him a list of all the endorsements he (defendant) had given his son."

In answer to a question by a juror, witness says, "that there were some rumours in circulation at the time, that A. Foucher, jr. had counterfeited his father's signature, but he had not left the city ; that the father stated that he would call at the bank the next day, to make some *arrangements relative* to this business."

The cashier of the bank deposed, that the notes in question were discounted in the bank, and that he was well acquainted

Eastern Dist.
May, 1836.

CITY BANK OF
NEW-ORLEANS
vs.
FOUCHER.

with the signatures of the parties, and thought them genuine, or he would have mentioned the fact to the president of the bank.

Guillot, re-examined for plaintiff, says, he was sent with the following letter from Mr. Peters, the president of the bank, on the 3d day of May, to the defendant :

"A. Foucher, Esq.

"Sir : By a resolution of the board of directors of this bank, adopted this morning, I am instructed to institute a criminal prosecution against your son, A. Foucher, jr., for having counterfeited your name and others, by which means he has obtained nine thousand two hundred and fifty dollars from this bank.

"I therefore deem it proper to inform you, that unless the amount be paid or secured by one o'clock this day, I shall be compelled to perform the unpleasant duty required of me by the resolution of the board.     Yours, &c."

Witness says, "when he presented and translated the letter to the defendant, he appeared very much affected; made no answer to the demand contained in it, but only said he was very unfortunate. Witness then asked him if he had not admitted on the day previous, that his signatures to the notes sued on, were genuine, and asked him if he was still of the same opinion, to which he answered that he was; that it was after witness read the letter to the defendant, that he put his initials to the notes. Witness told the defendant that it was for his (witness's) own satisfaction, that he wished defendant to put his initials to the notes."

Several witnesses were introduced on the part of the defendant, who declared they had had frequent transactions with him; and on being shown the signatures of his name on the notes sued on, declared them all to be forgeries and counterfeits.

Upon this evidence the cause was submitted a second time to a jury, who returned a verdict for the plaintiff.

EASTERN DIST.
*May*, 1836.

CITY BANK OF
NEW-ORLEANS
*vs.*
FOUCHER.

The defendant moved the court for a new trial, on the following grounds:

1st. The verdict is contrary to law and the evidence in the case.

2d. The forms prescribed by the Code of Practice, articles 518, 522, 526, 527, and others, were not complied with.

The attorney for the defendant annexed his affidavit, in which he declares, that when the jury returned into the court room, they were not called over nor counted; the verdict were not written by the foreman, but partly by the clerk of the court; after the verdict was read by the clerk, the jury was not asked if they had agreed on their verdict; but that it was recorded, on motion of plaintiff's attorney, without any of the above formalities having been fulfilled."

These facts and circumstances were substantially proved as sworn to; but the court overruled the motion for a new trial. Judgment was rendered in conformity to the verdict, from which the defendant appealed.

*Eustis* and *De Armas*, for the plaintiff, urged the affirmance of the judgment, with costs and damages, as for a frivolous appeal.

*Denis*, for the defendant, made the following points and assignment of errors:

1. The judge of the District Court erred, in not appointing experts to compare hand writings, and examine the signatures alleged to be forged.

2. The verdict is contrary to law and the evidence: to the evidence, because if the jury meant that the signatures of A. Foucher are genuine, it is positively contradicted by the evidence; to the law, if they intend to bind the defendant by his acknowldgements of either the 2d or 3d of May.

3. The verdict should have been set aside, because the formalities required have not been complied with, according to law and the several articles of the Code of Practice, cited in the grounds for a new trial.

*Bullard, J.,* delivered the opinion of the court.

In this case the plaintiff seeks to recover of the defendant the amount of several promissory notes, drawn by A. Foucher, jun'r., and alleged to have been endorsed by the defendant, which had been negotiated in the City Bank. The defendant in his answer avers, that his signature on said notes is forged and counterfeited, and that he is not liable. There was a verdict and judgment in favor of the plaintiff, and the defendant appealed.

His counsel in the court relies, for the reversal of the judgment, on the following points:

1. That the court erred in ordering the defendant's affidavit to be struck out.

2. In refusing to appoint experts.

3. That the verdict is contrary to law and evidence: to evidence, if they meant that the signatures of A. Foucher are genuine; to law, if they meant that defendant is bound by his acknowledgment either of the 2d or 3d May.

4. That the verdict should have been set aside because the formalities required by law were not complied with, according to the articles of the Code of Practice cited on the application for a new trial.

I. The defendant annexed to his answers an affidavit that his signatures on the notes in question, were forged and counterfeited. After argument, the court ordered this affidavit to be struck out, and this act of the court is assigned as error. We are of opinion that the court did not err. Parties are sometimes permitted to make use of their own affidavits, in order to bring to the knowledge of the court such facts as are relied on as the basis of same preliminary or interlocutory proceeding. In this case, no interrogatories were addressed to the defendant, the answers to which might be used as evidence on the trial. Without such interrogatories, his statement on oath could not be used, directly or indirectly, to influence the decision of the case upon its merits. As the court could not legally permit the affidavit to go to the jury, it was properly stricken from the record.

52

EASTERN DIST.
*May,* 1836.

CITY BANK OF
NEW-ORLEANS
*vs.*
FOUCHER.

The affidavit of the defendant, annexed to his answer, that his signature to the notes sued on is forged and counterfeited, will not be permitted to go to the jury as evidence, when not made the basis of some preliminary or interlocutory proceeding.

EASTERN DIST.
*May*, 1836.

CITY BANK OF
NEW-ORLEANS
*vs.*
FOUCHER.

The different modes of proof of hand writing or signatures, pointed out by the Code of Practice, are concurrent, and the court is not required to appoint experts for this purpose, unless moved to do so by the party.

A confession drawn from an unhappy parent, who is sued, by a letter threatening to prosecute his son for forging his signature to certain notes sold and delivered to the plaintiff, will not bind him.

The provisions of the Code of Practice, in articles 518, 522, 526, 527, and others, requiring certain forms to be pursued in the trial of a cause, are directory, and a non-compliance with them, when not required at the time by the party complaining, does not import pain of nullity.

II. It does not appear by the record, that the court refused to appoint experts, or that such appointment was moved for by the appellant's counsel on the trial. The modes of proof provided for by the Civil Code are concurrent, and it is not, in our opinion, assignable as error that the court did not appoint experts without being required to do so.

III. The evidence as to the genuineness of the signatures of the defendant, was submitted to the jury, and two successive juries appear to have concurred in a verdict against them. If the plaintiff had relied on, or given evidence of the admission of the defendant, made on the 3d of May, under the influence of the letters addressed to him on that day by the president of the bank, by order of the board of directors, he should not hesitate to set aside the verdict. A confession drawn from an unhappy father, by such a menace, should have no weight in a court of justice. But the letter was produced by the defendant himself, and the facts relating to this delivery were drawn from one of the plaintiff's witnesses, on his cross-examination. In the petition, the plaintiff set forth an acknowledgment, made the day previously. The admission of the genuineness of the signatures on that occasion, as proved by the witness, is free from all suspicion, and the application appears to have been made to him with proper delicacy, and, without the slightest allusion to any supposed forgery. Its effect can only be weakened by supposing that the defendant had been informed, from some other quarter, of the suspicions afloat in relation to his son, and that he made the admission with a view of favoring his escape, of which there is no evidence before us.

IV. A motion was made for a new trial, principally on the ground that the forms required by the Code of Practice, articles 518, 522, 526, 527, and others, were not complied with. The counsel for the defendant, in support of his motion, filed his affidavit setting forth that when the jury returned into the court room, they were not called nor counted. That the verdict was not written by the foreman, but partly by the clerk of the court; that after the verdict was

read by the clerk, the jury were not asked if they had agreed on their verdict, but that it was recorded without any of the above formalities.

It appears that the defendant's counsel was present when the verdict was delivered, and recorded after the amount for which the verdict was given had been filled up by the clerk, and that he did not require a strict and literal compliance with the forms directed by these articles of the Code of Practice. We concur with the judge of the district, that these provisions are directory, and do not impart pain of nullity. The party may require the observance of these forms so far as practicable, but if when present he does not require a rigid compliance with them, and they have been substantially complied with, we think it not assignable as error. Article 560 makes the misbehavior of the jury a good ground for a new trial, "as when the jury has been bribed, or has behaved improperly, so that impartial justice has not been done." This provision seems to repel the idea, that the mere non-observance of forms, such as is shown in this case, affords sufficient ground for a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*May,* 1836.

The party may require the observance of all the forms, as far as practicable, which are directed in the trial of a cause; but if when present, he does not require a rigid compliance with them, and they are substantially complied with, it is not assignable as error, nor sufficient ground for a new trial.